[Cite as *State v. Turner*, 2022-Ohio-1240.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

      Plaintiff-Appellant,          :

                                     No. 110797

      v.                                          :

ISAIAH TURNER,                             :

      Defendant-Appellee.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 14, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-646107-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel Van, Assistant Prosecuting Attorney, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and Jonathan Sidney, Assistant Public Defender, *for appellee*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the sentence imposed on defendant-appellee, Isaiah Turner ("Turner"), and claims the following error:

> The trial court erred when it found S.B. 201 to be unconstitutional and did not impose and indefinite sentence pursuant to S.B. 201.

{¶ 2} In accordance with this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, we reverse the trial court's judgment and remand the case to the trial court for resentencing in accordance with the provisions of Am.Sub.S.B. No. 201, 2018 Ohio Laws 157, the Reagan Tokes Law.

## I. Facts and Procedural History

{¶ 3} The Reagan Tokes Law provides that sentences imposed on "qualifying felonies" will consist of a minimum term selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A) and a maximum term determined by formulas set forth in R.C. 2929.144. The Reagan Tokes Law, as defined under R.C. 2901.011, went into effect on March 22, 2019. Thus, the law was in effect when Turner committed the offenses giving rise to this case in July 2019.

{¶ 4} Turner pleaded guilty to one count of attempted aggravated robbery, with a one-year firearm specification as alleged in Count 1; and one count of having weapons while under disability as alleged in Count 3. The offense originally charged in Count 2 was nolled. As a second-degree felony, the attempted aggravated robbery charge was a "qualifying felony" under R.C. 2929.144 and was subject to the imposition of indefinite sentences.

{¶ 5} At the sentencing hearing, the court noted that the constitutionality of the Reagan Tokes Law was disputed in the *Delvallie* case that was then pending in this court and declined to sentence Turner under the indefinite sentencing provisions of the Reagan Tokes Law. (Tr. 23-24, 45, 47.) Applying the pre-S.B. 201

sentencing law, the court sentenced Turner to one year on the firearm specification attendant to Count 1, to be served prior to and consecutive with four years on the underlying attempted aggravated robbery charge. The court sentenced Turner to three years on the having weapons while under disability charge and ordered that sentence to be served concurrently with the four-year sentence on Count 1. The state objected to the court's decision to apply the pre-S.B. 201 sentencing law and now appeals as of right.[1]

## II. Law and Analysis

{¶ 6} In the sole assignment of error, the state argues the trial court erred in failing to impose an indefinite sentence on Turner's qualifying felony on grounds that the Reagan Tokes Law was unconstitutional.

{¶ 7} In *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (en banc), this court overruled the arguments underlying the trial court's finding that the Reagan Tokes Law is unconstitutional. Thus, because the trial court did not impose a sentence in accordance with the Reagan Tokes Law, the sentence is contrary to law.

{¶ 8} The sole assignment of error is sustained.

{¶ 9} Accordingly, we reverse the sentence imposed by the trial court and remand this matter to the trial court for resentencing.

---

[1] R.C. 2953.08(B)(2) provides the state with an appeal as a matter of right in felony cases where it alleges the sentence is contrary to law.

**{¶ 10}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
SYLVIA A. HENDON, J.,* CONCUR

*(Sitting by assignment:  Sylvia A. Hendon, J., retired, of the First District Court of Appeals.)

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.